[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Donna Johnson originally brought this action against two defendants, M.M.D. Development, Inc. and Daniel A. Morrone. At the time of trial the plaintiff elected to proceed against Morrone only on the ninth count of her complaint, a negligence count. The ninth count alleges that Morrone, who was employed by M.M.D. Development, supervised the construction of the plaintiff's home at Lot #12, Richard Avenue in Wolcott, that he was negligent and careless in his supervision and failed to ensure that the construction was done in a workmanlike manner and in accordance with all applicable building codes and that the plaintiff suffered financial loss as a result. Morrone denied all of the material allegations of the ninth count.
The plaintiff makes her claim against Morrone personally in reliance on Scribner v. O'Brien, Inc., 169 Conn. 389 (1975), where the Supreme Court upheld the trial court's finding that both the corporate and individual defendants were negligent in the construction of a dwelling. The court held that an agent or officer of a corporation is personally liable in negligence where he or she commits a tort irrespective of whether he or she is acting on behalf of the corporation. Id., 404.
The evidence at trial established that the heating and airconditioning subcontractor for the construction of the plaintiff's home, Virgil Crudele, a licensed heating contractor, improperly installed a power venter, a device that was designed to vent air from the furnace. The installation was in violation of the applicable building code and the manufacturer's installation instructions. Morrone testified that as part of his duties for M.M.D., he hired and scheduled all subcontractors, but the subcontractors were responsible for obtaining the appropriate permits for their work and for arranging any necessary inspections by town personnel. He denied having any liability for Crudele's failure to properly install the power venter, pointing out that unlike Crudele, he is not a licensed heating contractor, and he is not familiar with either the building code or the manufacturer's instructions as they relate to the power venter. He points out that the construction contract between M.M.D. and the plaintiff did not contain plans for a heating system and therefore it was Crudele who designed the heating system and selected all of the components of that system. CT Page 10735
One of the threshold issues for the court in this negligence claim is whether the plaintiff sustained her burden of demonstrating that Morrone failed to meet the standard of care that is exercised by builders working under similar conditions. A builder is under a duty "to exercise that degree of care which a skilled builder of ordinary prudence would have exercised under the same or similar conditions." Scribner v. O'Brien, supra,169 Conn. 400. On this issue the plaintiff offered the testimony of Thomas Kelly, a licensed professional engineer with experience in the design of heating, air conditioning and ventilation systems, primarily for hotels, industrial and office buildings and 50-100 unit multi-family dwellings. Kelly's experience with single family dwellings is with homes in excess of 5000 square feet, which is substantially larger than the plaintiff's home. Kelly has not at any time been a builder.
The plaintiff elicited testimony from Kelly about the standard of care applicable to a construction manager of a single family home. Kelly testified that a builder with Morrone's twenty-five years of experience in building homes "should know what is right or wrong, regardless of which subcontractor is doing it." He further testified that such a builder should know building code violations for all trades and should ensure that manufacturer's installation instructions are complied with. On cross-examination, Kelly testified that he could not remember the last time that he designed a heating system for a single family home. He also admitted that his experience with single family homes was less than 1% of the work that he had done throughout his career.
The court did not find Kelly's testimony persuasive as to the degree of care that a skilled residential builder must exercise under the facts of this case. His experience with the construction of single family homes was scant and dated. He did not offer any details, reasons or examples supporting his testimony that a construction manager should be familiar with the technical details of the building code and the manufacturer's installation instructions, both as they relate to a power venter. His testimony on this important point simply was not convincing.
Judgment is entered for the defendant on the ninth count of the plaintiff's complaint. All of the remaining counts were abandoned by the plaintiff at trial and are therefore ordered dismissed. CT Page 10736
Vertefeuille, J.